## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## FORT MYERS DIVISION

BEATRIZ MARTINEZ-CLAIB,

            Plaintiff,

-vs-                                    Case No. 2:06-cv-479-FtM-34SPC

BUSINESS MEN'S ASSURANCE COMPANY OF
AMERICA; METROPOLITAN LIFE
INSURANCE COMPANY,

            Defendants.
_____

## **REPORT AND RECOMMENDATION**

**TO THE UNITED STATES DISTRICT COURT**

This matter comes before the Court on the Defendants Business Men's Assurance Company of America, and Metropolitan Life Insurance Company's Motion for Summary Judgment (Doc. #29) filed on April 30, 2007, and the Plaintiff Beatriz Martinez-Claib, M.D.'s Motion for Summary Judgment (Doc. # 31) filed on April 30, 2007.

## **FACTS**

On September 23, 2001, the Plaintiff signed a letter of intent to accept employment with the Family Health Care Centers of Southwest Florida (FHC). (STD:11).[1] On September 24, 2001, she entered into a Professional Services Agreement (PSA) with FHC to provide physician services. (STD: 12, 18). FHC signed the PSA on September 25, 2001. (STD:18). The terms of the PSA, were

---

[1] For the purposes of this Report and Recommendation citations to the Short Term Disability Administrative Record will be designated (STD), citations to the Long Term Disability Record will be designated(LTD), and citations to the Plan will be designated as (BMA).

scheduled to become effective on or about November 5, 2001, and continue through November 4, 2003. (STD:16). Under the terms of the PSA, FHC was required to provide the Plaintiff with specified benefits including long term disability insurance. (STD:15). On November 6, 2001, the Plaintiff began her work as a physician with FHC. (LTD:14).

The Plaintiff suffered a grand mal brain seizure on December 2, 2001. (LTD:14). The Plaintiff was subsequently diagnosed with a brain tumor, and underwent surgery later in December of 2001. (LTD:14). The Plaintiff was off work until February 4, 2002, at which time she resumed her duties at FHC. (LTD:14). In May of 2002, the Plaintiff's health had deteriorated to the point where she was no longer able to work as a physician and she was reassigned as a Bilingual Health Educator. (LTD:14). The Plaintiff remained in that position until April 8, 2003, when she could no longer continue to work. (LTD:14, 81-83). The Plaintiff never returned to work in any capacity. (LTD:14).

On March 31, 2003, FHC cancelled its policy with MetLife. (LTD:81). In March of 2004, the Plaintiff submitted a claim for disability benefits with MetLife. (LTD:14). The Plaintiff's claim was denied on November 23, 2004. (LTD:14). In a letter denying the Plaintiff's claim, the Defendant stated the benefits were denied noting her coverage was not effective under the terms of the policy until February 3, 2002, and further that FHC cancelled its long term disability policy with MetLife on March 31, 2003, prior to the Plaintiff's last day of work on April 8, 2003. (LTD:14, 71). As a result, MetLife denied the Plaintiff's claims arguing there had been no qualifying period of disability under the term of the long term disability Plan. (LTD: 71). On November 23, 2004, Metlife sent the Plaintiff its decision denying her long term disability benefits. (LTD: 71-72).

The Plaintiff filed an appeal with MetLife on May 20, 2005, however, the appeal file was lost and no final determination was ever completed on the Plaintiff's file. In response to MetLife's final

determination denying her LTD benefits, and a no decision on the Plaintiff's appeal, the Plaintiff filed the instant lawsuit pursuant to the Employee Retirement Income Security Act of 1974 29 U.S.C. § 1001 *et seq*. (ERISA).

## ERISA STANDARD OF REVIEW

ERISA claims are subject to three standards of review. Yochum v. Barnett Banks, Inc. Severance Pay Plan, 234 F.3d 541, 543 (11th Cir. 2000). In Firestone Tire and Rubber Co. v. Bruch, 489 U.S. 101, 109 S. Ct. 948, 103 L. Ed. 2d 80 (1984), the U.S. Supreme Court held that ERISA claims should be reviewed *de novo* unless the plan's administrator was also in a position to deny a claim for the benefits. Brown v. Blue Cross Blue Shield of Alabama, Inc., 898 F.2d 1556, 1559 (11th Cir. 1990). In circumstances where the plan's administrator also has the discretion to deny the claim, the Court should review the plan administrators or fiduciary's decision under the "arbitrary and capricious" standard. Yochum, 234 F.3d at 544. "Finally, if the plan grants the fiduciary or administrator discretion, but the court finds a conflict of interest between the fiduciary or administrator and the company, a 'heighten arbitrary and capricious' standard applies." Id. If the Court finds such a conflict of interest, "the court will consider this conflict in its analysis." Id. The Eleventh Circuit Court of Appeals has held when an insurance company is the ERISA plan administrator and also responsible for paying claims that "a strong conflict of interest exist making application of the heightened arbitrary and capricious standard appropriate."[2] Brown v. Bellsouth

---

[2] When considering a conflict of interest, the Eleventh Circuit has held: The beneficiary need only show that the fiduciary allowed himself to be placed in a position where his personal interest might conflict with the interest of the beneficiary. A conflicted fiduciary may favor, consciously or unconsciously its interest over the interest of the plan beneficiaries. The standard of review for a fiduciary operating under a conflict of interest remains arbitrary and capricious with a significantly diminished degree of deference. Although [e]ven a conflicted fiduciary should receive deference when it
(continued...)

Telecommunications Inc., 73 F. Supp. 2d 1308, 1319 (M.D. Fla. 1999) (citing Brown v. Blue Cross Blue Shield of Alabama, 898 F.2d at 1562)). Regardless of whether the regular or heightened arbitrary and capricious review applies, the Court must first review *de novo* the administrator's decision to determine whether the decision was right or wrong. HCA Health Servs. of Georgia, Inc. v. Employers Health Ins. Co., 240 F.3d 982, 993 (11th Cir. 2001) (citing Godfrey v. Bell Telecommunications, Inc., 89 F.3d 755, 758 (11th Cir. 1996) (holding that a *de novo* review must first be held to decide if the administrator's determination was wrong). When assessing the correctness of the administrator's decision the Court's inquiry is limited to the administrative record known to the administrator when the decision to deny the LTD benefits was made. Jett v. Blue Cross and Blue Shield of Alabama, Inc., 890 F.2d 1137, 1139 (11th Cir. 1989). Only after the *de novo* review and the Court determines that the administrator is wrong, does it then look for a conflict of interest. HCA Health Servs. of Georgia, Inc., 240 F.3d at 993.

If the Court determines that the administrators decision was wrong the Court must then decide whether the claimant has proposed a reasonable interpretation of the plan. Lee v. Blue Cross Blue Shield of Alabama, 10 F.3d 1547, 1550 (11th Cir. 1994). Assuming the claimant's interpretation is reasonable, the Court then turns to whether or not the administrator's wrong interpretation of the plan is nonetheless reasonable. HCA Health Servs. of Georgia, 240 F.3d at 994.

---

²(...continued)
demonstrates that it is exercising discretion among choices which reasonably may be considered to be in the interest of the participants and beneficiaries, the burden shifts to the  fiduciary to prove that the interpretation of plan provisions committed to its discretion was not tainted by self-interest. Adams v.Thiokol Corp., 231 F.3d 837, 842 (11th Cir. 2000) (citing Brown v. Blue Cross Blue Shield of Alabama, Inc., 898 F.2d 1556, 1568 (11th Cir. 1990)). If the fiduciary succeeds in proving this burden, the opposing party 'may still succeed if the action is arbitrary and capricious by other measures.' Adams, 231 F.3d at 842.

A plan administrator's wrong but reasonable interpretation of the plan is entitled to deference, even in light of the claimant's reasonable interpretation, unless the administrator suffers from a conflict of interest. Id.

## DISCUSSION

The Plaintiff argues that MetLife is prohibited from raising the preexisting condition exclusion as a defense because it was not raised in its denial letter and/or in the alternative MetLife erred in denying her benefits because it erroneously determined her date of hire. MetLife states the Plaintiff has no legal coverage under the Plan because her coverage became effective on February 4, 2002, after she became ill, the Plaintiff's claim was untimely filed, or in the alternative the case should be remanded to MetLife for a formal determination of the Plaintiff's administrative appeal.

### *Whether the Case Should be Remanded for Administrative Review*

Normally, the first step in an ERISA action is for the Court to conduct a *de novo* review of the administrative record to determine if the administrator's decision was right or wrong. Williams v. Bellsouth Telecommunications, Inc., 373 F.3d 1132. 1138 (11th Cir. 2005). However, in this case, prior to making a determination based upon the administrative record, the Court must first address MetLife's alternative request for remand. The remand determination will effect whether or not the case is remanded or a decision is reached on the record. MetLife argues the case should be remanded because the Plaintiff's appeal file was misplaced and no final determination was ever made.

The Plaintiff complied with the administrative procedures and filed her appeal within 180 days of receiving MetLife's letter denying her claim. (LTD: 71). MetLife acknowledges that there were multiple communications between the MetLife and the Plaintiff regarding the denial of her claim and further acknowledges the Plaintiff filed a formal appeal via counsel on May 20, 2005. It is

undisputed, the Plaintiff and MetLife were engaged in the appeals process. MetLife then had 45 days after the appeal was filed to formally file a response. (LTD: 71-72). However, MetLife lost the Plaintiff's file and never made a determination on her appeal.

ERISA law reads as follows:

> [i]n accordance with regulations of the Secretary, every employee benefit plan shall–
> (2) afford a reasonable opportunity to any participant whose claim for benefits has been denied for a full and fair review by the appropriate named fiduciary of the decision denying the claim.

29 U.S.C. § 1133(2). Under the terms of the Plan, and ERISA law, the Plaintiff had a right to a review of her claim after the initial denial by MetLife.(LTD: 71). It is undisputed that MetLife lost the Plaintiff's file on appeal and that no final review of the file was ever completed. By failing to provide the Plaintiff with a complete review of her record on appeal, MetLife failed to comply with the requirements of § 1133(2). As such, the Plaintiff was denied meaningful access to the administrative review scheme in place under the terms of the Plan and ERISA law.

Courts have generally concluded that ERISA does not provide a private right of action for damages to compensate for a plan's failure to comply with § 1133. Hamilton v. Mecca, Inc., 930 F. Supp. 1540, 1551 (S.D. Ga. 1996). Instead, the usual procedure for a Plan's breach of duty under § 1133 is remand to the Plan's administrator for a full and fair review of the issues. Id. Therefore, the Court respectfully recommends that the case be remanded to MetLife for a full and fair review of the Plaintiff's appeal.

Accordingly, it is now

**RESPECTFULLY RECOMMENDED:**

(1) The Court should **RESERVE RULING** on the Defendants Business Men's Assurance Company of America, and Metropolitan Life Insurance Company's Motion for Summary Judgment (Doc. #29).

(2) The Court should **RESERVE RULING** the Plaintiff Beatriz Martinez-Claib, M.D.'s Motion for Summary Judgment (Doc. # 31).

(3) The case should be **REMANDED** back to MetLife for a full and fair review of the record in compliance with 29 U.S.C. § 1133(2).

(4) It is further respectfully recommended that MetLife be given up to and including **August 31, 2007**, to review the appeal and file a response.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

**Respectfully recommended** at Fort Myers, Florida, this ___19th___ day of June, 2007.

*[signature]*
SHERI POLSTER CHAPPELL
UNITED STATES MAGISTRATE JUDGE

Copies: All Parties of Record