**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**FORT MYERS DIVISION**

BEATRIZ MARTINEZ-CLAIB,

       Plaintiff,

vs.                                     Case No. 2:06-cv-479-FtM-34SPC

BUSINESS MEN'S ASSURANCE CO. OF AMERICA; METROPOLITAN LIFE INSURANCE CO.,

       Defendants.
_____/

## ORDER[1]

**THIS CAUSE** is before the Court on Magistrate Judge Sheri Polster Chappell's Report and Recommendation (Doc. No. 46; Report), entered on June 19, 2007. Upon review of the parties' Motions for Summary Judgment, see Defendants' Motion for Summary Judgment with Supporting Memorandum of Law (Doc. No. 29; Defendants' Motion for Summary Judgment); Notice of Plaintiff's Motion and Motion for Summary Judgment and Memorandum of Law in Support (Doc. No. 31; Plaintiff's Motion for Summary Judgment), as well as the parties' respective responses to these Motions, see Plaintiff's Opposition to Defendants' Motion for Summary Judgment (Doc. No. 36); Defendants' Response to Plaintiff's Motion for Summary Judgment (Doc. No. 38), the Honorable Sheri Polster Chappell, United States Magistrate Judge, recommended that this Court remand this case to MetLife to conduct a full and fair review of the administrative appeal of Plaintiff's long-term disability claim denial.

---

[1] This is a "written opinion" under § 205(a)(5) of the E-Government Act and therefore is available electronically. However, it has been entered only to decide the motions addressed herein and is not intended for official publication or to serve as precedent.

See Report. Magistrate Judge Chappell further recommended that the Court defer ruling on the Motions for Summary Judgment, pending the outcome of the administrative appeal. See Report at 7. On June 29, 2007, Plaintiff filed Objections to Magistrate Judge's Report and Recommendation on Dispositive Motions (Doc. No. 47; Objections), and on July 16, 2007, Defendants filed Defendants' Response to Plaintiff's Objections to Magistrate Judge's Report and Recommendation (Doc. No. 48; Response to Plaintiff's Objections). Accordingly, the matter is ripe for review.

### I. Procedural History

On September 11, 2006, Plaintiff Beatriz Martinez-Claib initiated this action against Defendants Metropolitan Life Insurance Company (MetLife) and Business Men's Assurance Company of America (BMA) under the Employee Retirement Income Security Act of 1974, 29 U.S.C. §1001 et seq. (ERISA), seeking an award of disability benefits under her former employer's group long-term disability policy. See Complaint (Doc. No. 1; Complaint). In support of her claim, Plaintiff alleges that she is a former employee of Family Health Care Centers of Southwest Florida, Inc. (FHC) and is a qualified participant in, and beneficiary of, FHC's long-term disability policy (Plan). See id. ¶2. Defendant BMA funded the Plan and MetLife served as the claims administrator. See id. ¶3. On December 2, 2001, Plaintiff suffered a grand mal brain seizure that ultimately rendered her incapable of working as a physician. See id. ¶¶12-13. Accordingly, she submitted a claim for benefits which was denied by MetLife on November 23, 2004. See id. ¶¶14-15. Although Plaintiff appealed MetLife's determination, MetLife failed to issue any decision on the appeal. See id. ¶¶16-18. Thus, Plaintiff alleges that she "is deemed to have exhausted the administrative remedies

available under the Plan." Id. ¶18.  Plaintiff seeks an award of benefits under the Plan pursuant to 29 U.S.C. §1132(a)(1)(B)&(g).  See id. at 7.

On February 5, 2007, Defendants filed Defendants' Answer and Affirmative Defenses (Doc. No. 20; Answer), addressing the claim raised in the Complaint.  See Answer.  In the Answer, Defendants deny most of the relevant allegations, but admit that Plaintiff submitted a claim which was denied.  See generally id.  As attachments to the Answer, Defendants submitted a copy of the subject Group Long Term Disability Policy Number LTD BGGR0957220001, see Answer Exhibit A (Doc. No. 20-2; Plan), as well as a letter prepared and sent by Defendant MetLife to Plaintiff, denying Plaintiff's initial request for long-term disability benefits under the Plan, see Answer Exhibit B (Doc. No. 20-3; Initial Denial of Claim Letter).[2]  Defendants admit that this Initial Denial of Claim Letter reflects the only decision made by Defendants with respect to Plaintiff's request for benefits.  See Answer ¶18.

On February 14, 2007, at the direction of the Magistrate Judge,[3] Defendants filed a copy of the administrative record relating to Plaintiff's claim for short-term disability benefits (Doc. No. 23-2; STD A.R.), as well as the administrative record relating to Plaintiff's claim under the long-term disability policy (Doc. No. 23-3, 23-4, 23-5, 28-2; LTD A.R.) (collectively

---

[2]   All citations to the Plan and the Initial Denial of Claim Letter will reference the Bates-labeled numbers printed on the lower-right corner of each page of these documents.

[3]   At the February 13, 2007 Preliminary Pretrial Conference, Magistrate Judge Chappell directed Defendants to file the Administrative Record, and further asked that Defendants supplement the Administrative Record at a later date.  The Court further notes that Magistrate Judge Chappell presided over a second Preliminary Pretrial Conference on February 28, 2007, to set deadlines for this case.  See Docket Text.

Administrative Records).[4] <u>See</u> Notice of Filing Administrative Records[5] (Doc. No. 23); Notice of Filing Supplemental Documents to be Included as Part of LTD Administrative Record (Doc. No. 28). Thereafter, on April 30, 2007, the parties filed cross-motions for summary judgment, each seeking the entry of judgment as a matter of law on Plaintiff's claim. <u>See</u> Defendants' Motion for Summary Judgment; Plaintiff's Motion for Summary Judgment. Each of the parties has filed a response and opposition to the other's motion. <u>See</u> Plaintiff's Opposition to Defendants' Motion for Summary Judgment (Doc. No. 36; Plaintiff's Response to Defendant's Motion for Summary Judgment); Defendants' Response to Plaintiff's Motion for Summary Judgment (Doc. No. 38; Defendants' Response to Plaintiff's Motion for Summary Judgment).

In her Motion for Summary Judgment, Plaintiff argues that the Court should undertake a <u>de novo</u> review of Defendant's denial of her claim. Plaintiff's Motion for Summary Judgment at 13-15. She further contends that upon <u>de novo</u> review, the undisputed facts establish that MetLife's decision was incorrect and her disability "was and is covered" under the Plan. <u>See</u> <u>id.</u> at 13-25. In their Motion for Summary Judgment, Defendants argue that the Court should conduct a <u>de novo</u> review, <u>see</u> Defendants' Motion for Summary Judgment at 8-9, but maintain that such a review will establish that "Plaintiff does not have coverage under the Plan," <u>id.</u> at 16. Defendants further argue that Plaintiff's failure to satisfy certain

---

[4] All citations to the Administrative Record contained in this Order will reference the Bates-labeled numbers printed on the lower-right corner of each page. The STD Administrative Record is Bates-labeled "MetLife/Martinez-Claib STD A.R. 0001-0022" and the LTD Administrative Record is collectively Bates-labeled "MetLife/Martinez-Claib LTD A.R. 0001-0086." <u>See</u> Administrative Record.

[5] Defendants represent to the Court that the documents contained in the Administrative Record "comprise a true and accurate copy of the complete Administrative Record in MetLife's possession for Plaintiff's disability claim." <u>See</u> Broadwater Aff. (Doc. No. 30) at ¶5.

notice requirements set forth in the Plan bars her coverage. See id. at 16-23. Alternatively, Defendants suggest "[i]f the Court prefers not to exercise de novo review and render a decision on the coverage and/or notice issues presented herein, it should remand the claim to MetLife to make an appropriate determination based on all the information now available." Id. at 23.

The Motions for Summary Judgment were referred to Magistrate Judge Chappell, who entered a Report and Recommendation on June 19, 2007. See Report. In the Report, the Magistrate Judge addressed Defendant's alternative request for an administrative remand and, determining that a remand was warranted, declined to address the relative merits of the issues raised by the cross-motions for summary judgment. See generally id.

### II. Standard of Review

The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b). In addition, it "may also receive further evidence or recommit the matter to the magistrate judge with instructions." Id. If no specific objections to findings of facts are filed, the district court is not required to conduct a de novo review of those findings. See Garvey v. Vaughn, 993 F.2d 776, 779 n.9 (11th Cir. 1993); see also 28 U.S.C. § 636(b)(1). However, the district court must review legal conclusions de novo. See Cooper-Houston v. Southern Ry. Co., 37 F.3d 603, 604 (11th Cir. 1994); United States v. Rice, No. 2:07-mc-8-FtM-29SPC, 2007 WL 1428615, at * 1 (M.D. Fla. May 14, 2007). Thus, the Court has conducted an independent examination of the record and a de novo review of the legal conclusions.

### III. Relevant Facts[6]

As an employee of FHC, Plaintiff was eligible to participate in FHC's long-term disability plan. Broadwater Aff. ¶1. Plaintiff's LTD Plan was issued by BMA, who originally served as claims administrator, but MetLife subsequently assumed the Plan, "together with all the rights and responsibilities thereunder." See Broadwater Aff. ¶3; see also Defendants' Motion for Summary Judgment at 2 n.1. At present, MetLife is the designated claims administrator, and has been delegated the authority formerly held by BMA to make the requisite disability determinations. See Broadwater Aff.

In March 2004, Plaintiff submitted a claim to MetLife, seeking LTD benefits. See LTD A.R. at 14. MetLife executed a letter denying Plaintiff's claim for LTD disability benefits on November 23, 2004. See LTD A.R. at 71-72. After receiving the letter denying her claim, on May 20, 2005, Plaintiff, through counsel, filed a formal appeal of the denial of her claim via counsel. See Report at 5. However, the appeal file was subsequently lost or misplaced, and, to date, MetLife has not completed a final determination of its initial denial of Plaintiff's claim for LTD disability benefits. See Defendants' Motion for Summary Judgment at 8; Plaintiff's Motion for Summary Judgment at 12; Report at 4.

### III. Discussion

In the Report, the Magistrate Judge recommended that the Court should remand this case to MetLife for a determination of Plaintiff's appeal. See id. In evaluating whether an

---

[6] The Magistrate Judge sets forth specific factual findings in the Report, including the determination that Defendants failed to comply with 29 U.S.C. §1133(2), and as such, that Plaintiff was denied meaningful access to administrative review. See Report at 6. Neither party challenges this determination of the Magistrate Judge or contend that any of the factual findings are erroneous. See generally Objections at 1-2; Defendant's Response to Plaintiff's Objections.

administrative remand was warranted based on Defendants' failure to execute a final disposition of Plaintiff's appeal, the Magistrate Judge considered the plain language of 29 U.S.C. §1133(2):

> [I]n accordance with regulations of the Secretary, every employee benefit plan shall–
> (2) afford a reasonable opportunity to any participant whose claims for benefits has been denied for a full and fair review by the appropriate named fiduciary of the decision denying the claim.

See Report at 6. Based on this provision and the terms of the Plan giving Plaintiff a right to review of the initial denial of her claim, the Magistrate Judge concluded that "[b]y failing to provide the Plaintiff with a complete review of her record on appeal, MetLife failed to comply with the requirements of [29 U.S.C.] §1133(2)." See Report at 6. As a result, "Plaintiff was denied meaningful access to the administrative review scheme in place under the terms of the Plan and ERISA law." Id.

Having determined that Plaintiff was denied meaningful review of MetLife's initial denial of her claim, the Magistrate turned next to an examination of the appropriate remedy for such failure to comply with 29 U.S.C. §1133. Citing the opinion of the Southern District of Georgia in Hamilton v. Mecca, Inc., 930 F. Supp. 1540, 1551 (S.D. Ga. 1996), the Magistrate Judge observed that "[c]ourts have generally concluded that ERISA does not provide a private right of action for damages to compensate for a plan's failure to comply with [29 U.S.C.] §1133," and as such, "the usual procedure for a Plan's breach of duty under §1133 is [to] remand to the Plan's administrator for a full and fair review of the issues." See Report at 6 (citing Hamilton, 930 F. Supp. at 1551). Accordingly, the Magistrate Judge recommended that the matter be remanded to MetLife for a full and fair review of Plaintiff's

appeal.  See Report at 7.

Plaintiff objects to the legal determinations of the Magistrate Judge on the following bases: (1) that the Report failed to recognize the parties' express agreement that de novo review is applicable in this case, and also failed to reach a conclusion on the applicable standard of review; (2) that the remand of her claim to MetLife at this time is inappropriate; and (3) alternatively, that if the matter is to be remanded, the Report "improperly remanded all issues indiscriminately" with no limitations or instructions.  See generally Objections.  The Court will discuss each of these objections in turn.

### A. Plaintiff's Objection to the Remand of this Case

The Court first addresses Plaintiff's objection to the administrative remand of this matter to MetLife.  Plaintiff asserts that remand to MetLife is inappropriate because her entitlement to benefits is clear, and therefore remand is unnecessary.  See id. at 11-12.  She further contends that remand is particularly unwarranted here, where it is MetLife who is "requesting an opportunity to do that which it should have done previously," and she objects to a remand.  See id. at 13.  Lastly, Plaintiff argues that, given the Magistrate Judge's finding that she was "denied meaningful access to the administrative review scheme," compelling her to exhaust administrative remedies now would be inequitable and futile.  See id. at 17. In response, Defendants suggest only that the denial decision was rendered based upon limited information and that MetLife would have used the additional information received from Plaintiff on appeal to further explain its decision.  Response at 3-4.

In Defendants' Motion for Summary Judgment, Defendants did not contend that the failure to issue a denial of Plaintiff's appeal resulted in a failure to properly exhaust her

8

administrative remedies, nor did they otherwise argue that remand was necessary because Plaintiff had failed to exhaust her administrative remedies.  See generally Defendants' Motion for Summary Judgment.  Instead, Defendants suggested that if the Court was not inclined to undertake the onerous process of de novo review, it could remand the matter to MetLife to conduct the initial review and develop a clear record.  See id. at 23.  In support of this alternative, MetLife relied on Counts v. Am. Gen. Life & Acc. Ins. Co., 111 F.3d 105, 108 (11th Cir. 1997), Hamilton, 930 F. Supp. at 1552, and Brown v. Babcock & Wilcox Co., 589 F. Supp. 64, 71 (S.D. Ga. 1984).  Review of these decisions establishes that Defendants' reliance is misplaced and the request for remand is without merit.

In Counts, the plaintiff failed to exhaust his administrative remedies because he did not appeal the denial of benefits as required by the applicable plan.  See 111 F.3d at 108. The plaintiff then argued that his failure should be excused because the denial letter he received was insufficient.  See id.  The court disagreed, noting that the remedy for an inadequate denial would be remand for an out-of-time appeal, not excusal from exhaustion altogether.  See id.  Similarly, in Brown, the court concluded that where the plaintiffs alleged that their failure to pursue an administrative appeal was the result of an insufficient denial letter, remand to permit an appeal was appropriate, rather than entry of summary judgment in the defendants' favor based upon the failure to exhaust.  See 589 F. Supp. at 71-72. Neither case supports the proposition that after a plaintiff has been forced to file suit, remand to the administrator is warranted where the administrator failed in any way to respond to the plaintiff's timely appeal of the denial.

The decision in Hamilton also fails to support Defendants' contention.  In Hamilton,

the plaintiff argued that if the court determined that the defendant violated the procedural requirements of 29 U.S.C. §1133, he should be awarded benefits even if he would not have been entitled to benefits under the terms of the plan. See 930 F. Supp. at 1552. The court flatly rejected this suggestion, finding that ERISA does not provide an independent cause of action for violations of §1133's procedural requirements. See id. Rather, the remedy for such violations is to remand the claim to the plan administrator. See id. Here, however, Plaintiff is not seeking benefits based on a failure to comply with the procedural requirements of §1133. Plaintiff claims benefits based upon her contention that she is entitled to benefits under the terms of the Plan. See Complaint at 7.

It is well-settled in this Circuit that before a plaintiff may bring an ERISA action in federal court, he or she must exhaust his or her administrative remedies provided for in the ERISA plan for challenging the administrator's denial of benefits. See, e.g., Watts v. BellSouth Telecomms., Inc., 316 F.3d 1203, 1204, 1206 (11th Cir. 2003); Perrino v. So. Bell Tel. & Tel. Co., 209 F.3d 1309, 1315 (11th Cir. 2000). Generally, if an individual fails to exhaust the administrative remedies, his or her claim is barred. See id.; see also Springer v. Wal-Mart Assocs. Group Health Plan, 908 F.2d 897, 900 (11th Cir. 1990) (recognizing "that the right to seek federal court review matures only after that requirement has been appropriately satisfied or otherwise excused"). Nevertheless, the failure of an administrator to complete the final disposition of a claim satisfies the exhaustion requirement as it operates as a constructive denial tantamount to the "deemed denial" formerly set forth in the ERISA

regulations. See Torres v. Pittston Co., 346 F.3d 1324, 1332 (11th Cir. 2003);[7] 29 C.F.R. §2560.503-1(l); see also Coates v. Guardian Life Ins. Co., No. 8:07-cv-291-T-26TBM, 2008 WL 269133, at *2 & n.6 (M.D. Fla. Jan. 30, 2008) ("The applicable regulations clearly permit the claimant to pursue his remedies of filing suit if the plan administrator has neglected to timely deny the claim, characterizing the situation as a 'deemed' exhaustion of administrative remedies."); Stefansson v. Equitable Life Assurance Society of U.S., No. 5:04-cv-40-DF, 2005 WL 2277486, at *9 (M.D. Ga. Sept. 19, 2005) (noting the continued vitality of the principle of "deemed denial"); Seger v. ReliaStar Life, No. 3:04-cv-16-RV-MD, 2005 WL 2249905, at *7 (N.D. Fla. Sept. 14, 2005) ("It has been clearly established that once the ERISA regulatory deadline expires, a claimant may bring a civil action to determine the merits of her claim.") (quoting Massachusetts Mut. Life Ins. Co. v. Russell, 473 U.S. 134, 144 (1985)). Indeed, the Department of Labor has promulgated a specific regulation addressing such a failure. See 29 CFR §2560.503-1(l) (2000).

> In the case of the failure of a plan to establish or follow claims procedures consistent with the requirements of this section, a claimant shall be *deemed to have exhausted the administrative remedies* available under the plan and *shall be entitled to pursue any available remedies* under section 502(a) of the Act on

---

[7] In Torres, the Eleventh Circuit noted that the ERISA regulations were amended, effective January 20, 2001, to omit the specific "deemed denial" language. Torres, 346 F.3d at 1332 n.10. The 1998 version of 29 CFR §2560.503-1(h)(4) provides as follows:

> The decision on review shall be furnished to the claimant within the appropriate time described in paragraph (h)(1) of this section. If the decision on review is not furnished within such time, the claim shall be *deemed denied* on review.

29 CFR §2560.503-1(h)(4) (1998) (emphasis added). However, the Torres court characterized the change in the language of the regulations as a mere modification, and not actually a removal, of the "deemed denial" provision, acknowledging that "[a]mong other changes, the regulation now gives the plan administrator only 45 days to act on a claim, rather than the 90 days applicable to pre-2002 claims." Torres, 346 F.3d at 1332 n.10; see also Coates, 2008 WL 269133, at *2 ("Although the specific 'deemed denied' language in the regulation has been removed, the Eleventh Circuit in Torres referred to the change in the language as simply a modification of the 'deemed denied' provision.")

>   the basis that the plan has failed to provide a reasonable claims procedure that would yield a decision on the merits of the claim.")

Id. (emphasis added).

In the Report, the Magistrate Judge found, and the parties do not dispute, that "Plaintiff complied with the administrative procedures and filed her appeal within 180 days of receiving MetLife's letter denying her claim," and thus, "MetLife then had 45 days after the appeal was filed to formally file a response." See Report at 5-6. However, the record discloses that 479 days elapsed from May 20, 2005, the date Plaintiff filed the appeal, see id. at 2, and September 11, 2006, the date the Complaint was filed, see Complaint. Indeed, as of the date of the Report, Defendants had not provided a final determination on the merits of Plaintiff's appeal. See Report at 6. As such, the Court agrees with Plaintiff's representation that the lost file and passage of time weigh in favor of a conclusion that "the plan has failed to provide a reasonable claims procedure that would yield a decision on the merits of the claim." See Torres, 346 F.3d at 1332 n.10. Pursuant to the administrative regulations pertaining to this case, the Court finds that based upon the failure of MetLife to make a final disposition of Plaintiff's appeal within 45 days of its filing, Plaintiff is deemed to have exhausted her administrative remedies.[8]  29 C.F.R. §2560.503-1(l). In light of the Court's conclusion regarding Plaintiff's satisfaction of ERISA's exhaustion requirement, the Court finds that remand is not warranted.

---

[8] The Court is mindful that the regulations provide that where a claims administrator receives an extension of time to make a benefit determination based on the claimant's failure to submit information necessary to decide a claim, the 45-day period may be tolled pending the receipt of the requested information. 29 C.F.R. §2560.503-1(l)(4). While the record discloses correspondence between the parties regarding the delay in Plaintiff's appeal, it does not reveal any request for an extension of time nor does there appear to be any evidence that such an exception applies in this case.

Indeed, to permit Defendants to request remand, after failing to process Plaintiff's claim for 15 months, and only after Plaintiff has suffered the expense and delay of litigation, runs entirely contrary to the purposes of exhaustion. Exhaustion is not required by the text of ERISA, but rather is a court-imposed requirement based on the interpretation of the statute and congressional intent. See Watts, 316 F.3d at 1207; Perrino, 209 F.3d at 1315. The reasons underlying the recognition of an exhaustion requirement have been articulated as follows: "'helping to reduce the number of frivolous lawsuits under ERISA; to promote the consistent treatment of claims for benefits; to provide a nonadversarial method of claims settlement; and to minimize the costs of claims settlement for all concerned.'" Watts, 316 F.3d at 1209 (quoting Curry v. Contract Fabricators, Inc. Profit Sharing Plan, 891 F.2d 842, 846 (11th Cir. 1990), abrogated, in part, on other grounds, Murphy v. Reliance Standard Life Ins. Co., 247 F.3d 1313, 1314 (11th Cir. 2001); accord Perrino, 209 F.3d at 1315. Granting Defendants' request for remand at this stage of the proceeding based only on their own failure to process the claimant's appeal would create a perverse incentive for administrators to fail to comply with their ERISA obligations and force claimants to resort first to litigation in order to obtain the initial administrative review required. See Eastman Kodak v. STWB, Inc., 452 F.3d 215, 221-23 (2d Cir. 2006) (affirming the applicability of "deemed exhaustion" and refusing to require the plaintiff to comply with administrative procedures adopted after suit had been filed).

Upon de novo review of the parties' filings, the Court determines that the circumstances in the case at bar do not warrant remand at this time and that the record is sufficiently developed to permit consideration of the parties' competing motions for summary

judgment. As such, the Court finds it necessary to recommit the matter to the magistrate judge for further consideration of the issues raised by the parties in their respective requests for summary adjudication on the merits of this case.

### B. Objection to the Omission of an Applicable Standard of Review

The Court next addresses Plaintiff's contention that although the Report "discusse[d] at some length the legal principles involved in determining the proper standard of review in a case where that issue is contested," it nonetheless "d[id] not convey any ruling on this issue or note that the parties had already agreed review was de novo in this case." See Objections at 9. The Court's review of the record discloses that Plaintiff is correct in that the parties have, in fact, agreed that a de novo standard of review is appropriate.[9] See Defendants' Motion to Dismiss at 8-9 ("For purposes of this case only, Defendants concede that the de novo standard of review should apply."); Plaintiff's Motion to Dismiss at 17 ("[N]o deference is due to MetLife's decision, and review should be de novo."). Nevertheless, the Court declines to conclude that the Magistrate Judge erred in failing to address the applicable standard of review. On the contrary, there was no need for the Report to address the applicable standard of review in light of the Magistrate Judge's recommendation that this Court decline to exercise any review at this stage of the proceeding. See Report at 7. As such, the objection is overruled.[10]

---

[9] Indeed, Defendants assert that they "conceded in their Motion [for Summary Judgment] and Response [to Plaintiff's Motion for Summary Judgment] that the de novo standard of review would be appropriate in this case, and do not dispute Plaintiff's references to Defendants' concession in that regard throughout her [O]bjections." Defendants' Response to Plaintiff's Objections at 4 n.1.

[10] In light of the Court's determination that administrative remand is inappropriate in this case, the Court determines that it need not address Plaintiff's assertion that the Court should limit remand to discrete issues that the Court is not yet in a position to resolve. See Objections at 17-20.

### V. Conclusion

This matter is recommitted to the magistrate judge pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b), Fed. R. Civ. P., for the entry of a supplemental report and recommendation regarding the appropriate resolution of the Defendants' Motion for Summary Judgment with Supporting Memorandum of Law (Doc. No. 29) and the Notice of Plaintiff's Motion and Motion for Summary Judgment and Memorandum of Law in Support (Doc. No. 31).

Accordingly, it is hereby **ORDERED:**

1. Magistrate Judge Sheri Polster Chappell's Report and Recommendation (Doc. No. 46; Report) is **REJECTED**.

2. This matter is **RECOMMITTED** to Magistrate Judge Sheri Polster Chappell for further consideration of the foregoing.

3. The Court will **DEFER RULING** on Defendants' Motion for Summary Judgment with Supporting Memorandum of Law (Doc. No. 29) pending the entry of the supplemental report and recommendation.

4. The Court will **DEFER RULING** on the Notice of Plaintiff's Motion and Motion for Summary Judgment and Memorandum of Law in Support (Doc. No. 31) pending the entry of the supplemental report and recommendation.

**DONE AND ORDERED** at Fort Myers, Florida this __31st__ day of March, 2008.

MARCIA MORALES HOWARD
United States District Judge

lc5
Copies to:
Counsel of Record