# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# FORT MYERS DIVISION

BEATRIZ MARTINEZ-CLAIB, M.D.,

    Plaintiff,

v.                                    Case No: 2:06-cv-479-FtM-UA-SPC

BUSINESS MEN'S ASSURANCE
COMPANY OF AMERICA, and
METROPOLITAN LIFE INSURANCE
COMPANY,

    Defendants.
_____/

## **O R D E R**

**THIS CAUSE** came on for consideration upon the Report and Recommendation filed by United States Magistrate Judge Sheri Polster Chappell on September 9, 2008 (Dkt. 53) recommending that Defendants' Motion for Summary Judgment (Dkt. 29) be granted and Plaintiff's Motion for Summary Judgment (Dkt. 31) be denied.  Plaintiff filed written objections to the Report and Recommendation (Dkt. 54), Defendants filed a response to the objections (Dkt. 57), and Plaintiff filed a reply. (Dkt. 60).  After careful consideration of the Report and Recommendation of the Magistrate Judge in conjunction with an independent examination of the court file, the Court is of the opinion that the Magistrate Judge's Report and Recommendation should be adopted, confirmed, and approved in all respects, with one exception.[1]

---

[1] The "heightened" standard of review afforded conflict of interest cases under ERISA, which was considered even stricter than the *de novo* standard, is no longer

**ACCORDINGLY**, it is therefore, **ORDERED AND ADJUDGED**:

1) The Report and Recommendation of the Magistrate Judge is adopted, confirmed, and approved in all respects, with the exception noted above, and is made a part of this order for all purposes, including appellate review.

2) Defendants' Motion for Summary Judgment (Dkt. 29) is **GRANTED.**

3) Plaintiff's Motion for Summary Judgment (Dkt. 31) is **DENIED**.

4) The clerk is directed to enter judgment in favor of the Defendants, term any pending motions/deadlines, and to **CLOSE** this case.

**DONE AND ORDERED** in Tampa, Florida, on October 27, 2008.

  s/*Richard A. Lazzara*
**RICHARD A. LAZZARA**
**UNITED STATES DISTRICT JUDGE**

**COPIES FURNISHED TO**:
Counsel of Record

---

employed in this Circuit. See Doyle v. Liberty Life Assurance Co. of Boston, 2008 WL 4272748, * 6 (11th Cir. Sept. 18, 2008). A conflict of interest is now simply a factor to be weighed in the determination of whether the administrator's decision was reasonable. Doyle, 2008 WL 4272748, *7-8; Miller v. Prudential Ins. Co. of America, 2008 WL 4540998 (S.D. Fla. Oct. 9, 2008). The burden of proof of showing that an administrator's decision was arbitrary and capricious rests with the plaintiff. Doyle, 2008 WL 4272748, *7.

    When the administrator has discretion to determine eligibility for benefits, as MetLife in this case, then the arbitrary and capricious standard is applied. Firestone Tire and Rubber Co. v. Bruch, 489 U.S. 101, 115, 109 S.Ct. 948, 957, 103 L.Ed.2d 80 (1989). The analysis always begins, however, with a *de novo* review of whether the administrator's decision was "wrong" and, if so, whether it was nevertheless reasonable. After this initial determination, if the decision was "wrong," then, under the arbitrary and capricious standard, all of the various factors, including a conflict of interest, are weighed.

    The Court finds that this clarification does not change the outcome recommended in the report and recommendation.